# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-2044V

|  |  |
|---|---|
| TIMOTHY HOLT,<br><br>     Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 4, 2025 |

*John Beaulieu*, Siri & Glimstad, LLP, Louisville, KY, for Petitioner.

*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On November 29, 2023, Timothy Holt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain-Barre Syndrome ("GBS") following an influenza vaccination he received on October 21, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 22, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his GBS. On September 3, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $264,092.30, comprised of $230,000.00 for pain and suffering and $34,092.30 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $264,092.30, comprised of $230,000.00 for pain and suffering and $34,092.30 for past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIMOTHY HOLT,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>    Respondent. | No. 23-2044V **(ECF)**<br>Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 29, 2023, Timothy Holt ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended ("Vaccine Act"), alleging that he developed Guillain-Barré syndrome ("GBS"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine that he received on October 21, 2022. ECF No. 1 at 1. Petitioner filed an amended petition on October 15, 2024, in which he provided additional information pertaining to medical treatment that he received. ECF No. 18 at 3-4. However, the amended petition did not contain any changes to the legal allegations that petitioner has made in this case. *See id.* On April 21, 2025, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) report indicating that this case was appropriate for compensation under the terms of the Vaccine Act for a GBS Table Injury. ECF No. 28. On April 22, 2025, Chief Special Master Corcoran issued a Ruling on Entitlement finding that petitioner was entitled to compensation. ECF No. 30.

1

**I.     Items of Compensation**

    A.     <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $230,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    B.     <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses pertaining to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $34,092.30. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.    Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following:[1] a lump sum payment of $264,092.30, to be paid through an ACH deposit to petitioner's counsel's IOLTA account.

                                                   Respectfully submitted,

                                                 BRETT A. SHUMATE
                                                 Assistant Attorney General

                                                 C. SALVATORE D'ALESSIO
                                                 Director
                                                 Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

                              HEATHER L. PEARLMAN
                              Deputy Director
                              Torts Branch, Civil Division

                              ALEXIS B. BABCOCK
                              Assistant Director
                              Torts Branch, Civil Division

                              <u>/s/ *Benjamin P. Warder*</u>
                              BENJAMIN P. WARDER
                              Trial Attorney
                              Torts Branch, Civil Division
                              U.S. Department of Justice
                              P.O. Box 146, Ben Franklin Station
                              Washington, DC 20044-0146
                              Telephone: (202) 532-5464
DATE: September 3, 2025           Email: Benjamin.P.Warder@usdoj.gov